[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS  K. KAHN
CLERK

No. 05-11919
Non-Argument Calendar

_____

D. C. Docket No. 04-00438-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HETANISLAO PORTOCARRERO-QUINTERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 16, 2005)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Hetanislao Portocarrero-Quintero appeals his 135-month sentence for

possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States. 46 App. U.S.C. § 1903(a), (g); 21 U.S.C. § 960(b)(1)(B). Quintero argues that the district court improperly denied him a role in the offense reduction and that his sentence was unreasonable because several of his codefendants received 108-month sentences. We affirm the sentence.

Quintero was indicted with several co-defendants for possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States and conspiring to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, after members of the United States Coast Guard recovered 600 bales of cocaine from a vessel on which Quintero was a crew member. Quintero pleaded guilty to the charges in the indictment without the benefit of a written plea agreement.

At the initial sentencing hearing, Quintero appeared with six co-defendants. Because he had not been debriefed, Quintero's sentencing was continued for several weeks. The remaining co-defendants were sentenced to 108 months of imprisonment after the court departed downward based on a section 5K1.1 substantial assistance motion made by the government. The district court denied

the co-defendants any reduction for a minor role in the offense.

At the continued sentencing, Quintero moved for a role reduction because of his minor role in the offense and a downward departure to make his sentence consistent with the sentences received by his co-defendants. The government did not file a substantial assistance motion. The district court denied Quintero a departure and sentenced Quintero to 135 months of imprisonment. The district court found that "the sentence imposed at the low end of the advisory guidelines is sufficient but not greater than necessary to comply with the statutory purposes of sentencing."

We review the determination of the sentencing court that a role reduction is not warranted for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We review a sentence imposed after United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), for reasonableness. See United States v. Scott, __ F.3d __, No. 05-11843, 2005 WL 2351020, at *4 (11th Cir. Sep. 27, 2005).

The defendant bears the burden of proving his minor role by the preponderance of the evidence. De Varon, at 939. Under the Sentencing Guidelines, a defendant may receive a two-level reduction in his base offense level if his role in the offense can be described as minor, or a four-level reduction if his

role can be described as minimal. U.S.S.G. § 3B1.2(b). A "minimal participant" is someone who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, cmt. n.4. A "minor participant" is someone who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5.

We have held that, when determining a defendant's entitlement to a role reduction, the district court should consider (1) the defendant's role in his relevant conduct, and (2) his role as compared to that of other participants. De Varon, 175 F.3d at 940. Regarding relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id.

Regarding other participants, we have held that the district court (1) "should look to other participants only to the extent that they are identifiable or discernable from the evidence . . . [and (2)] may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of

participants in any larger criminal conspiracy is irrelevant." Id. at 944. "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] is somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was somewhat less culpable than most other participants in [his] relevant conduct." Id.

Quintero failed to establish that he was entitled to a role reduction. Because Quintero was held accountable for the quantity of drugs attributable to his role in the offense, his relevant conduct was identical to his actual conduct. Quintero also presented no evidence that he was less culpable than the other crew members on board the vessel. The district court did not err when it denied him a role reduction.

Quintero also argues that his 135-month sentence was unreasonable because several of his codefendants received 108-month sentences, after the government moved for downward departures for substantial assistance on their behalf. Quintero argues that there was no valid reason for the government not to move for a downward departure in his case because he had exhibited the same willingness to cooperate as his codefendants and that the district court erred when it did not exercise its authority under advisory guidelines to sentence him similarly to his codefendants. We disagree.

We ordinarily will uphold a sentence imposed after Booker as reasonable if

5

the district court considered the factors in section 3553 and sentenced the defendant within the guideline range. See Scott, __ F.3d at __, 2005 WL 2351020, at *5. The sentencing transcript reflects that the district court adequately and properly considered the section 3553 factors when it sentenced Quintero at the low end of the guideline range. Quintero and his codefendants also were not similarly situated because the government determined that Quintero did not render substantial assistance after he pleaded guilty. We conclude that the sentence imposed was reasonable.

The sentence is

**AFFIRMED.**